**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| DAVID LIVINGSTON, | : | |
|  | : | Civ. Action No. 17-1066 (RMB) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| WARDEN, FCI FAIRTON, | : | |
|  | : | |
| Respondent. | : | |

On April 6, 2017, Petitioner David Livingston filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting that the Bureau of Prisons miscalculated his prior sentence in the Southern District of New York, Case No. 00cr483, causing him to over-serve his sentence. (Am. Pet., ECF No. 6.) For relief, he sought immediate release. (Id., at 6, ¶16; Pet., ECF No. 1 at 2.)

Respondent filed an Answer to the petition on May 16, 2017, opposing habeas relief because a petitioner cannot challenge the length of the sentence imposed in a habeas petition under 28 U.S.C. § 2241. (Answer, ECF No. 12 at 2.) Additionally, Respondent asserts Petitioner's contention that the Bureau of Prisons miscalculated his sentence relies on his assumption that the underlying sentence was illegal. (Id.)

This matter comes before the Court upon Respondent's request to dismiss the petition as moot because Petitioner was released from BOP custody on December 29, 2017. (Letter, ECF No. 14.)[1]

I. BACKGROUND

On March 3, 2000, Petitioner was on supervised release related to federal sentences he served in three federal criminal cases (Case No. 92cr1147 (SDNY), Case Nos. 91cr251 (NDIL) and 94cr594 (NDIL)). (Declaration of Jan Stopps ("Stopps Decl.") ECF No. 12-1, ¶7a.) Petitioner was arrested by New York City Police and detained for criminal conduct that led to new state and federal charges. (Id.)

In June and July 2000, Petitioner pled guilty in the U.S. District Court, Southern District of New York to three charges of wire fraud in Case No. 00cr483. (Id., ¶7b.) On December 18, 2000, he was sentenced in that case to a term of 135 months of imprisonment, followed by a three year term of supervised release. (Stopps Decl., ¶7(c); Ex. 1c.) Petitioner appealed. (Stopps Dec. ¶5.) On April 15, 2002, the Second Circuit affirmed the District Court in Case No. 00cr483. (Id.)

On November 17, 2003, Petitioner filed a motion to vacate in his federal sentencing court, pursuant to 28 U.S.C. § 2255. (Id.)

---

[1] *See* BOP inmate locator at https://www.bop.gov/inmateloc/

The § 2255 motion was denied on May 24, 2004. (Stopps Decl., ¶5.) Petitioner appealed, and the Second Circuit dismissed the appeal on July 1, 2005. (Id., ¶6.)

In the meantime, on December 19, 2000, in the Supreme Court for the State of New York, Case No. 4207-2000, Petitioner was sentenced to a 3½ to seven year term of imprisonment for criminal possession of a forged instrument. (Id., ¶7(d); Ex. 1d.) On June 13, 2001, Petitioner's state criminal conviction was vacated by the New York County Supreme Court, and he was released from the custody of New York state authorities on July 5, 2001, to a federal detainer for service of the federal sentence imposed in Case No. 00cr483. (Id., ¶7(f), Ex. 1e.)

On April 17, 2010, Petitioner satisfied the 135 month sentence imposed in Case No. 00cr483. (Id., ¶7(l); Ex. 1f.) He then began serving time on an unrelated sentence. (Pet., ECF No. 1 at 3.) He was released from federal custody on June 28, 2013. (Id.)

After his release, Petitioner was arrested on March 24, 2016, in connection with a charge of violation of the terms of supervised release in Case No. 00cr483. (Stopps Decl., ¶5.) He then filed a "Motion Correcting Statutory Maximum" with the sentencing court in that case. (Id.; Ex. 1g.) On October 19, 2016, the federal sentencing court issued a Memorandum in which the court explained that the sentence imposed in Case No. 00cr483 was a legal sentence. (Stopps Decl., ¶5; Ex. 1j.) On December 19, 2016, the court revoked

Petitioner's term of supervised release in Case No. 00cr0483, and imposed a sentence of 23 months plus 29 days. (Stopps Decl., ¶5.)

On January 5, 2017, Petitioner filed a motion seeking to alter his sentence on the revocation of supervised release. (Id., ¶7(w); Exs. 1m.) On January 13, 2017, the sentencing court denied the motion. (Id., ¶7(x); Ex. 1o at 2-3.) On the same day, the federal sentencing court issued an amended Judgment and Commitment Order in Case No. 00cr483, stating that Petitioner's sentence for the violation was a term of custody of:

> 23 months and 29 days, *which term of imprisonment shall be consecutive to any unsatisfied term of imprisonment to which he may be subject and consecutive to any term of imprisonment that may be imposed by the State of New Jersey in respect to any of the New Jersey crimes, the commission of which constituted violations of the term of supervised release that the Court has just revoked.*

(Id., ¶7(y); Ex. 1p at 2.) Petitioner filed a notice of appeal, and another motion to correct this sentence. (Id., ¶7(z), (aa); Exs. 1q, 1r.)

The BOP computed Petitioner's sentence on violation of supervised release in Case No. 00cr483 as follows. The 23 month, 29 day term of imprisonment was computed to commence on December 19, 2016, the date supervised release in Case No. 00cr483 was revoked. (Stopps Decl., ¶16.) Petitioner received 277 days of prior custody credit under 18 U.S.C. § 3585(b), representing time

4

Petitioner served prior to the commencement of the violation of supervised release term during the following periods: (1) February 20, 2015, through February 21, 2015; (2) February 4, 2016, through February 5, 2016; (3) February 10, 2016, through February 12, 2016; and (4) March 24, 2016, through December 18, 2016. (Id.; Ex. 1s at 2.) Petitioner was released from BOP custody on December 29, 2017. (Respondent's Letter, ECF No. 14.)

II. DISCUSSION

First, the Court notes that Petitioner cannot challenge the length of the sentence imposed in Case No. 00cr483 in the Southern District of New York by bringing a § 2241 petition in this Court. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002). A rare exception exists where "[a] § 2255 motion would be inadequate or ineffective," if an intervening change in law "made the crime for which the petitioner was convicted non-criminal." Id. However, § 2255 is not inadequate or ineffective so as to enable a petitioner to invoke § 2241 "because that petitioner is unable to meet the stringent gatekeeping requirements" of § 2255(h).

Here, Petitioner has already brought a § 2255 motion in the Southern District of New York, Case No. 00cr483. If he wishes to challenge the length of his sentence in that case, he must get

5

permission from the Second Circuit Court of Appeals to bring a second or successive § 2255 motion.

Second, the present habeas petition, which on the face of the petition challenges the BOP's calculation of Petitioner's sentence in Case No. 00cr483, is moot because Petitioner is no longer in BOP custody; therefore the Court can't grant the relief requested by Petitioner, immediate release. Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST, art. Ill, § 2. "The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990).

An inmate's challenge to his *incarceration* satisfies the case or controversy requirement, but upon the inmate's release the case becomes moot "unless he or she can demonstrate some 'collateral consequence' that persists beyond the sentence's expiration and is 'likely to be redressed by a favorable judicial decision.'" Williams v. Sherman, 214 F. App'x 264, 266 (3d Cir. 2007) (emphasis added) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Collateral consequences will not be presumed and must be proven when the appellant is attacking a sentence that has already been served. Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009). The petitioner must show that injury alleged in his petition "will

'likely' be redressed by the District Court's grant of his habeas petition. Id.

As stated above, Petitioner cannot challenge the length of his sentence imposed in Case No. 00cr483 in this Court. In his § 2241 petition, however, he purported to challenge the BOP's calculation of his sentence. Assuming without finding that Petitioner could show the BOP miscalculated his sentence and that he served an excess term of imprisonment, Petitioner has already been released, and this Court cannot credit excess time served in prison against a term of supervised release. See id. at 150-51 (noting that incarceration and supervised release are not interchangeable.)

In United States v. Johnson, the Supreme Court held that the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time. 529 U.S. 53, 58-59 (2000). This is because under § 3624, "[t]he term of supervised release commences on the day the person is released from imprisonment . . . . A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." Id. at 56-57 (quoting 18 U.S.C. § 3624(e)). Because the habeas relief Petitioner seeks is no longer available, his petition is moot. See Burkey, 556 F.3d 142, 149–50

7

(3d Cir. 2009) (dismissing § 2241 petition as moot where the petitioner was released on supervised release while his petition was pending).

II. CONCLUSION

For the reasons described above, the Court dismisses Petitioner's Petition for Writ of Habeas Corpus Under § 2241 because it is moot.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: January 24, 2018